

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00504-CR

Roberto **ROSAS**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 13-CRS-256
Honorable Marisela Saldana, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Sandee Bryan Marion, Justice

Delivered and Filed:  August 27, 2014

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in the underlying cause on January 10, 2014.  Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on February 10, 2014.  TEX. R. APP. P. 26.2(a)(1).  Appellant did not file his notice of appeal until July 18, 2014.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.  *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last

day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.*

After reviewing the record, this court determined that appellant's notice of appeal was untimely filed, and no motion for extension of time was filed. On July 29, 2014, appellant was ordered to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.[1] *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). Appellant's response to this court's order was due August 12, 2014; however, no response was filed. Because appellant did not timely file his notice of appeal, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] Our order also noted that the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal," and Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).